# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROSALIND HOLMES,                          Case No. 1:20-cv-825
      Plaintiff,

                                 McFarland, J.
      vs.                                 Litkovitz, M.J.

UNITED STATES OF AMERICA, et al.,         **REPORT AND**
      Defendants.                         **RECOMMENDATION**


On October 20, 2020, plaintiff Rosalind Holmes, a resident of West Chester, Ohio, filed a complaint against 35 defendants, including the United States of America, former Federal Bureau of Investigation (FBI) director James Comey, former director of the National Security Agency Admiral Michael Rodgers, and former Attorney General Eric Holder; former FBI agents; the City of Cincinnati, City officials, and City council members; plaintiff's former attorney and law firm; former Ohio Disciplinary Counsel officials; "Lakefront" and Lakefront Property and Regional Managers; the Director of the University of Cincinnati Health Dental Center; PLK Communities; and the State of Ohio.  (Docs. 1-1, 5).  On initial screening of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned issued a Report and Recommendation recommending that plaintiff's complaint be dismissed for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted.  (Doc. 7).

Plaintiff filed objections to the Report and Recommendation (Doc. 8) and an amended complaint (Doc. 9) on November 12, 2020.  In view of the filing of plaintiff's amended complaint, which is permitted "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1), the District Judge determined that the Report and Recommendation should be denied as moot. (Doc. 10).

This matter is now before the Court for a *sua sponte* review of plaintiff's amended

complaint (Doc. 9) to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This matter is also before the Court on plaintiff's motion for equitable tolling, breach of contract, injunctive relief. (Doc. 6).

## I. Standard of Review

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a

claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

## II.  Plaintiff's Amended Complaint

Plaintiff, an African American, was employed by the City of Cincinnati from November

2008 to December 2016.  In her 109 page, 414 paragraph amended complaint, plaintiff has named several new defendants in addition to the 35 previously named defendants: Jessica Banks, Lakefront at West Chester Property Manager; Jacque Keller, Lakefront at West Chester Regional Manager; Lakefront at West Chester; Georgia Pacific; Georgia Pacific Does; Enterprise Rent A Car; and Enterprise Rent A Car Does.  The amended complaint, which is brought against federal, state, and City of Cincinnati officials and private individuals, alleges numerous federal and state law violations.  Plaintiff alleges, inter alia, that governmental officials failed to properly investigate her complaints of unwarranted and illegal surveillance and discrimination.  She alleges that starting in 2009 through the present, defendants have engaged in a conspiracy to violate her rights.  She further alleges claims of employment discrimination under state and federal law against the City of Cincinnati and Georgia Pacific.  (Doc. 9, ¶ 7).

The amended complaint alleges, "Under Section 702 of the Foreign Intelligence Surveillance Act, the government conducts warrantless surveillance on U.S. soil of vast quantities of communications entering and leaving the United States—including communications sent and received by Americans, like plaintiff."  (Doc. 9, ¶ 59).  Plaintiff alleges that she "reported this unauthorized surveillance to the appropriate authorities, who failed to investigate her repeated complaints of constitutional violations."  (*Id*., at ¶ 67).

In 2014, she contacted the Cincinnati mayor, other City officials, and City council members to complain about the "unauthorized surveillance taking place on her devices."  (*Id*., at 68-69).  Plaintiff alleges that City officials failed to investigate her complaints about the unauthorized surveillance and "conspiracy."  She also alleges she was wrongfully accused of workplace violence in October 2014.  Plaintiff states that officials failed to properly investigate the accusation and conducted a "sham" hearing.  The amended complaint also recounts

4

numerous instances of "gross negligent misconduct and fraud" by City officials, which allegedly began in 2009.

Paragraphs 78 through 92 of the amended complaint contain allegations concerning a "history of gross negligent misconduct and fraud by City officials" spanning from December 2009 through October 2013 relating to plaintiff's employment with the City.

Plaintiff further alleges that in 2014 and 2015, she reported the unauthorized surveillance and discrimination to the Fairfield, Ohio police, to a special agent with the Cincinnati FBI, to congressional representatives, and to the Department of Justice. (*Id.*, ¶¶ 94-103). The amended complaint states that "[f]rom February 2015 to December 2019, plaintiff continued to provide the DOJ [Department of Justice], OIG [Office of Inspector General], and elected officials such as President Trump, and Senator Sherrod Brown with documentation and information describing the ongoing harassment, discrimination, conspiracy and constitutional violations." (*Id.*, ¶ 104). She alleges that the FBI failed to investigate her complaints and engaged in a conspiracy to deprive her of her constitutional rights. (*Id.*, ¶¶ 105-107).

Plaintiff states that in April 2020, she made a request under the Freedom of Information Act to the FBI and OIG for "any and everything pertaining to her." (*Id.*, ¶ 109). In response, plaintiff was advised that the FBI and OIG were unable to identify records responsive to her request. Plaintiff alleges this was not truthful as she had previously contacted the Cincinnati division of the FBI and made a report to an unknown investigator, which included supporting documentation. Plaintiff states the Inspector General for the Department of Commerce (DOC) acknowledged receiving her letter, but she did not know what the department did with her letter. Plaintiff concluded that based on the FBI, OIG, and DOC's responses, no investigations into plaintiff's complaints were conducted. (*Id.*, ¶¶ 109-110).

Plaintiff further alleges that Elizabeth Tuck (Loring), her former attorney, failed to adequately represent her before the Equal Employment Opportunity Commission (EEOC) in connection with plaintiff's allegations of employment discrimination against the City of Cincinnati. She alleges that defendant Tuck filed duplicate EEOC charges without plaintiff's authorization. The amended complaint alleges that defendant Tuck represented plaintiff from November 2012 through June 2014, and that defendants Randy Freking, Kelly Mulloy Myers and George Reul, partners of the Freking, Myers & Reul law firm, failed to properly train, supervise and correct the negligent actions of defendant Tuck. (*Id.*, ¶¶ 111-121).

The amended complaint also alleges that in September 2014, the Ohio Disciplinary Counsel wrongfully accused plaintiff of submitting fraudulent emails to the Disciplinary Counsel in connection with her complaint against defendant Tuck. Plaintiff alleges that Catherine Russo, Scott Drexel, and Joseph Caligiuri knew that the fraud accusations against plaintiff were false; knowingly memorialized and publicized the false fraud accusations; and did so to benefit the City of Cincinnati, Tuck, and Freking, Myers, & Reul. (*Id.*, ¶¶ 122-137)

Plaintiff alleges that in July 2018, she was routinely followed and monitored by an unknown FBI agent. She also alleges that from October 2018 to March 2019, she was continuously denied employment and terminated from numerous jobs due to defendants' continuous campaign against her. (*Id.*, ¶¶ 138-157). She further alleges that she contacted an attorney on June 13, 2019 to request legal assistance, but "[t]he government did not want plaintiff to obtain legal representation , so they retaliated against plaintiff." (*Id.*, ¶ 160).

Plaintiff also alleges that in June 2019 defendants conspired with the University of Cincinnati Medical Center to have plaintiff dismissed from its low-cost Dental Center in the middle of having a dental implant developed for her front tooth. (*Id.*, ¶¶ 161). She alleges that

6

she has been incapable of obtaining a dental implant.  (*Id*.).

Plaintiff alleges that in July 2019, the "defendants continued to harass plaintiff by conspiring with the Psychiatric Unit of a local hospital."  (Id., ¶ 162).  The amended complaint states, "Specifically, defendants had plaintiff involuntarily committed to the Psychiatric Unit where drugs were forced onto plaintiff for no reason."  (*Id.*).  Plaintiff alleges that while she was involuntarily committed to the Psychiatric Unit, representative from Enterprise Rent A Car contacted her several times about returning her rental vehicle.  Plaintiff alleges she did not have access to her cell phone and could not contact Enterprise Rent A Car or return the car in a timely manner.  (*Id.*, ¶ 164).

Plaintiff alleges that in March 2020, she contacted organizations "to request legal assistance with the ongoing conspiratorial campaign of unlawful actions taken against plaintiff by the FBI and others.  The government immediately conspired with Enterprise Rent A Car and retaliated against plaintiff for attempting to obtain legal assistance from the organizations."  (*Id*., ¶ 166).  She alleges that defendants have conspired with Enterprise Rent-A-Car and had plaintiff placed on the "Do Not Rent List."  (*Id.*, ¶ 167).  The amended complaint alleges that Enterprise advised plaintiff she owed an amount of $671.00, which she denies, and failed to provide her with a legitimate reason for placing her on the "Do Not Rent List."  (*Id*., ¶ 168).

The amended complaint further alleges that plaintiff was hired as a Plant Accountant for Georgia Pacific on October 29, 2019 and fired on November 15, 2019.  (*Id*., ¶ 172).  On November 15, 2019, plaintiff was advised she was being terminated because she did not "fit within [the] culture."  (*Id.*, ¶ 173).  The divisional controller and senior human resources manager refused to provide plaintiff with any explanation or reasons for the termination.  (*Id*.).  On November 19, 2019, plaintiff "filed a complaint with the Ohio Civil Rights Commission

[OCRC] and the EEOC for race, sex, and retaliation based on her prior federal discrimination lawsuit filed against the City of Cincinnati case number 1:14 CV 00582." (*Id.*, ¶ 174).  During the OCRC investigation, Georgia Pacific filed a position statement with an explanation for plaintiff's termination: "Given the amount of unsolicited feedback received about Charging Party's behavior within the first two weeks of employment, . . . Regional Controller concluded that Charging Party's interactions with colleagues were extraordinarily discourteous and unprofessional, and that Plaintiff's lack of interest and attentiveness during training sessions with Ms. Cobb indicated that she was not receptive to coaching and training." (*Id.*, ¶ 175, Ex. K). Plaintiff provided a rebuttal to this statement, alleging Georgia Pacific's reason for termination was false. (Id., ¶ 176, Ex. L).  Plaintiff states she informed the OCRC that she was questioned by the Plant Accountant about her previous federal discrimination lawsuit against the City of Cincinnati.  Plaintiff alleges this disclosure was a motivating factor for her termination.  She alleges she never received warnings or counseling from Georgia Pacific prior to her termination. (*Id.*, ¶¶ 177-183).  Plaintiff also alleges that during her employment with Georgia Pacific, she was treated less favorably than similarly situated non-African American employees with respect to her termination.  (*Id.*, ¶ 403).

The amended complaint further alleges that from July 2019 to the present, plaintiff has moved on three occasion due to defendants' conspiratorial actions.  Plaintiff alleges that defendants have engaged in a conspiracy with the property management company of each apartment community where plaintiff has lived to have her wrongfully evicted.  In July and August 2020, plaintiff advised the managers of Lakefront about the "ongoing conspiracy and warrantless surveillance being conducted by the government." (*Id.*, ¶ 190).  The managers dismissed plaintiff's claims as unfounded.   Plaintiff alleges that in September 2020, the

8

Lakefront Property Manager ordered plaintiff to move out immediately in retaliation for plaintiff's communications with a local TV news outlet's investigation team. Later, plaintiff was told she could stay, but only after plaintiff had given all of her furniture away. Plaintiff further alleges that after she included Jessica Banks and Jacque Keller as defendants in her complaint, she notice that someone had entered her apartment and tampered with her belongings. (*Id.*, ¶¶ 191-196).

> The amended complaint alleges:
>
> Defendants have ruined plaintiff's life and career by preventing her from gaining employment, having her fired off several jobs, spreading false accusations, rumors, thereby isolating plaintiff from meaning relationships with others and ruining every relationship in her life including her marriage and divorce. Plaintiff has already suffered from the irreparable harm to her financial stability, good reputation due to Defendants' conspiratorial false fraud accusations, continual discrimination, retaliation, and warrantless surveillance. In addition, defendants have planted camera's and other devices in plaintiff's home to continuous (sic), monitor, harass, manage, conspire, dictate and control plaintiff['s] entire life. The only way to repair the damage to plaintiff is to grant immediate injunctive and declaratory relief and to provide plaintiff with a new identity. For clarification, this is not an all-inclusive description of defendants' conspiratorial actions. However, it is just a summary of defendants, unlawful behavior directed at plaintiff.

(*Id.*, ¶ 197). Plaintiff alleges that from July 2009 through the present, all of the defendants subjected her to discriminatory, conspiratorial, and malicious actions and have violated her rights. (*Id.*, ¶¶198-244).

Based on the foregoing, plaintiff brings the following causes of action: Count I: Federal Constitutional Claim – Equal Protection and Due Process – Abuse of Power; Count II: Federal Constitutional Claim – Equal Protection and Due Process – Gross Negligence; Count III: Federal Constitutional Claim – Equal Protection and Due Process Violation – Discrimination; Count IV: Federal Constitutional Claim – Unlawful Search and Seizure; Count V: Federal Constitutional Claim – Equal Protection and Due Process Federal Conspiracy; Count VI: Federal Tort Claims

Act - Invasion of Privacy – intrusion upon Seclusion; Count VII: Federal Tort Claims Act –
Invasion of Privacy –  False Light; Count VIII: Federal Tort Claims Act –  Tortious Interference;
Count IX: Federal Tort Claims Act – Intentional Infliction of Emotional Distress; Count X:
Federal Tort Claims Act – Gross Negligence; COUNT XI: Plaintiff Rosalind Holmes v.
Defendants Comey, Holder, and Rogers Federal Constitutional Claim – Return and
Expungement of Information Unlawfully Searched and Seized; COUNT XII: Discrimination, 42
U.S.C. § 1981 – Discrimination & Retaliation; COUNT XIII: Discrimination – 42 U.S.C. § 1983
Deprivation of Rights; COUNT XIV: Discrimination – 42 U.S.C. § 1985 Conspiracy to Interfere
with Civil Rights; and COUNT XV: Conspiracy – 42 U.S.C. § 1986 Action for Neglect to
Prevent.  Counts XVI through XXIII allege claims under Ohio law.  Count XXIV alleges race
discrimination against Georgia Pacific and the City of Cincinnati under Title VII and Ohio law.

**III.  Resolution**

At this stage in the proceedings, without the benefit of briefing by the parties to this
action, the undersigned concludes that plaintiff's employment discrimination claim against
defendant Georgia Pacific is deserving of further development and may proceed at this
juncture.  *See* 28 U.S.C. § 1915(e)(2)(B).  However, the remainder of plaintiff's amended
complaint fails to state a claim with an arguable basis in law over which this federal Court has
subject matter jurisdiction.

First, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under
28 U.S.C. § 1332(a) with respect to her state law claims, the amended complaint reveals such
jurisdiction is lacking.  In order for diversity jurisdiction pursuant to § 1332(a) to lie, the
citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby
ensuring "complete diversity."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State*

*Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992).  In this case, there is no complete diversity because plaintiff and numerous defendants are residents of the State of Ohio.  Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

Second, the Court is without federal question jurisdiction over the amended complaint with the exception of plaintiff's race discrimination claim against Georgia Pacific.  District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

The majority of plaintiff's causes of action do not state claims for relief because they are time-barred.  Plaintiff's civil rights claims under § 1983 are governed by Ohio's two-year statute of limitations applicable to personal injury claims.  *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato,* 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is

11

applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor

the § 1983 statute provides timeliness rules governing implied damages") (internal citation and

quotation marks omitted).  Plaintiff's § 1985 and *Bivens*[1] claims likewise have a two-year statute

of limitations.  *See Dotson v. Lane*, 360 F. App'x 617, 620 n.2 (6th Cir. 2010) (§ 1985); *Zappone*

*v. United States*, 870 F.3d 551, 559 (6th Cir. 2017) (*Bivens*).  Plaintiff's § 1986 claim has a one-

year statute of limitations.  *See* 42 U.S.C. § 1986 ("[N]o action under the provisions of this

section shall be sustained which is not commenced within one year after the cause of action has

accrued.").  Although the statute of limitations is an affirmative defense, when it appears clear on

initial screening of the complaint that the action is time-barred, the complaint may be dismissed

for failure to state a claim upon which relief may be granted.  *See Jones v. Bock,* 549 U.S. 199,

215 (2007).  *Cf. Fraley v. Ohio Gallia Cnty.,* No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir.

Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983

civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after

Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No.

4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing

complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims

asserted "six years after the events upon which they are based occurred" were time-barred under

Ohio's two-year statute of limitations for bodily injury), *aff'd*, 529 F. App'x 558 (6th Cir. 2013).

Here, it is clear from the face of the amended complaint that plaintiff's federal claims

regarding incidents from 2009 through October 2018 are time-barred.  Plaintiff filed the instant

case on October 20, 2020, long after the two-year limitations period expired for most of her

claims in this case.  Therefore, plaintiff's claims which occurred prior to October 2018 are

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

subject to dismissal at the screening stage on statute of limitations grounds.

Plaintiff contends that these claims should not be time barred under the doctrine of equitable tolling.  (Doc. 6).  The Court disagrees.

Equitable tolling generally "applies when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000) (citing *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151 (1984).  Plaintiff bears the burden of establishing equitable tolling applies to her claims.  *Jackson v. United States*, 751 F.3d 712, 718-19 (6th Cir. 2014).  To carry her burden, plaintiff must demonstrate more than just "a garden variety claim of excusable neglect."  *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (quoting *Chomic v. United States, 311* F.3d 607, 615 (6th Cir. 2004)).

Equitable tolling is applied sparingly.  *Zappone*, 870 F.3d at 556 (citing *Jackson*, 751 F.3d at 718).  Whether to apply equitable tolling in a given case "lies solely within the discretion of the trial court."  *Betts v. C. Ohio Gaming Ventures, LLC*, 351 F. Supp. 3d 1072, 1075 (S.D. Ohio 2019) (citing *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).  Courts in the Sixth Circuit consider five factors to determine whether the equitable tolling doctrine should be applied.  *Zappone,* 870 F.3d at 556 (citing *Jackson*, 751 F.3d at 718) (citing *Truitt*, 148 F.3d at 648).  The factors are: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.  *Truitt*, 148 F.3d at 648.  These factors are considered on a case-by-case basis.  *Id.*  They are not necessarily comprehensive, and the court may consider additional factors.  *Betts*, 351 F. Supp. 3d at 1075 (citing *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.

2004)).  *See also Graham-Humphreys*, 209 F.3d at 560-61 (citing *Truitt*, 148 F.3d at 648).  Often

"the most significant consideration in courts' analyses" will be the plaintiff's "'failure to meet a

legally-mandated deadline' due to 'unavoidab[le] . . . circumstances beyond'" the plaintiff's

control, not any one of the five *Truitt* factors.  *Zappone,* 870 F.3d at 556 (quoting *Graham-*

*Humphreys*, 209 F.3d at 560-61) (citations omitted).

Plaintiff alleges that equitable tolling of the statute of limitations should be applied in this

case for the following reasons:

> Defendants actively misled plaintiff and prevented her from exercising her rights.
> Throughout plaintiff's federal discrimination lawsuit defendants actively engaged
> in a secret conspiracy designed to violate plaintiff's constitutional rights and
> cover-up their unlawful actions. Specifically, from the period of July 2014 to the
> present, defendants engaged in a conspiracy of false fraud allegations and
> warrantless surveillance with the Ohio Office of Disciplinary Counsel, Elizabeth
> Tuck, Freking, Myers, Reul and the FBI.  Defendants, willfully, deliberately with
> reckless disregard failed to disclose this information to plaintiff, prior to settlement
> of her federal discrimination lawsuit.  Plaintiff was completely unaware of
> defendant's conspiracy with the FBI, Elizabeth Tuck, Freking, Myers, Reul and
> the Disciplinary Counsel, when she agreed to settle her federal discrimination
> lawsuit.  Plaintiff would not have agreed to settle her federal discrimination lawsuit
> had she known of defendant's conspiratorial behavior.  Moreover, Plaintiff
> pursued her claims with diligence, from the period of July 2009 to the present.
> Plaintiff filed several complaints alleging among others, unauthorized
> surveillance, conspiracy, retaliation, discrimination and attorney misconduct to the
> City of Cincinnati, FBI, and the Ohio Disciplinary Counsel.  Plaintiff has written
> letters to Congressman John Boehner, President Barack Obama, Senator Sherrod
> Brown, the U.S. Department of Justice and Office of the Inspector General for the
> DOJ as described above asking for an investigation.  Despite plaintiff's diligent
> efforts to discover her claims by contacting government regulators and officials
> she was incapable of discovering her claims, because of defendants' deceitfulness.
> Thus, plaintiff has provided satisfactory evidence to prove the elements of a
> fraudulent concealment by defendants.

(Doc. 6 at PAGEID 1145-1146).

Plaintiff has failed to allege facts justifying equitable tolling in this case.  Her conclusory

allegations of a secret conspiracy, warrantless surveillance, and retaliation are insufficient to

meet her burden to show her failure to meet the statutory deadlines for filing her causes of action

were due to circumstances beyond her control.  *Zappone,* 870 F.3d at 556.  Nor has plaintiff

shown that she satisfied the five *Truitt* factors.  Plaintiff fails to present an argument or

explanation why the facts of this case warrant the benefit of equitable tolling. Because plaintiff's

federal claims are time-barred and the doctrine of equitable tolling does not apply, her claims

pre-dating October 2018 should be dismissed.

Moreover, to the extent plaintiff seeks to resurrect her discrimination claims against the

City of Cincinnati that she settled in a previous case (*Holmes v. Cincinnati*, No. 1:14-cv-582),

the doctrine of equitable tolling is not applicable.  Plaintiff essentially seeks to vacate the

settlement of a previous lawsuit against the City of Cincinnati based on an alleged "secret

conspiracy to violate" her rights.  Filing a second complaint is not the proper vehicle for seeking

relief from a previously settled lawsuit against the same defendant.

With respect to the claims that may not be time-barred, the undersigned is unable to

discern from the facts alleged in the amended complaint any federal statutory or constitutional

provision that applies to give rise to an actionable claim for relief.  Plaintiff alleges that from

October 2018 to March 2019, she was continuously denied employment and terminated from

numerous jobs due to defendants' continuous campaign against her; that in June 2019

defendants conspired with the University of Cincinnati Medical Center to have plaintiff

dismissed from its low-cost Dental Center; that defendants conspired with Enterprise Rent-A-Car

to have plaintiff placed on the "Do Not Rent List"; and that defendants engaged in a conspiracy

with the property management company of each apartment community where plaintiff has lived

to have her wrongfully evicted.

Plaintiff's conspiracy claims must be dismissed.  Plaintiff's amended complaint provides

no factual content or context from which the Court may reasonably infer that the defendants

15

conspired against plaintiff to violate her constitutional rights. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations of conspiracy are unsupported by specific facts, amount to legal conclusions couched as factual allegations, and are insufficient to give the defendants or the Court notice of the factual basis for plaintiff's conspiracy claims. *Twombly*, 550 U.S. at 555. "It is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). Plaintiff has not alleged factual allegations to support the inference that a single conspiratorial plan existed, that the alleged co-conspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy. *See Anderson v. Cnty. of Hamilton*, 780 F. Supp.2d 635, 643-44, 652 (S.D. Ohio 2011) (and cases cited therein). Plaintiff's allegations are simply too conclusory to state a claim of a conspiracy to violate a right protected by § 1983. Accordingly, plaintiff's claims of conspiracy under Section 1983 should be dismissed against all of the defendants.

Section 1985 of Title 42 provides a cause of action for conspiracy to deprive an individual equal protection of the law. *See* 42 U.S.C. § 1985(3). To state a § 1985(3) claim, plaintiff must show that (1) two or more persons conspired (2) for the purpose of depriving the plaintiff of the equal protection of the laws due to racial or class-based discriminatory animus, (3) an act "in furtherance of the object of such conspiracy" and (4) an injury to the plaintiff resulting from such act. *See United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983). *See also Ashbiegu v. Purviance*, 76 F. Supp. 2d 824, 830 (S.D. Ohio 1998). As with her Section 1983 conspiracy claim, plaintiff has failed to plead specific facts in support of her § 1985 conspiracy claims as related to the incidents that are not time-barred. Plaintiff has alleged

no facts showing that defendants' actions were in any way motivated by racial or class-based animus. In addition, the amended complaint fails to state a claim under 42 U.S.C. § 1985(2), which pertains to conspiracies aimed at deterring witnesses or jurors in federal court. Plaintiff's amended complaint contains no allegations whatsoever that could plausibly be construed as stating a claim under this subsection for claims that are not time-barred. Therefore, plaintiff's conspiracy claims under Section 1985 should be dismissed.

As plaintiff has no viable claim under 42 U.S.C. § 1985, she also has no claim under 42 U.S.C. § 1986. "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." *Radvansky v. City of Olmstead Falls,* 395 F.3d 291, 314 (6th Cir. 2005) (internal quotation marks omitted). Because the amended complaint does not state a claim under § 1985, it necessarily follows that there can be no liability under § 1986. *Id.* at 315. Therefore, plaintiff's claim under 42 U.S.C. § 1986 should also be dismissed for failure to state a claim for relief.

The Court notes that plaintiff's 24 causes of action do not include a claim for a violation of the Freedom of Information Act. In any event, it appears that plaintiff fails to state a claim for relief under the FOIA because she has failed to allege that she made a proper FOIA request; the records requested fall within the purview of the statute; and she has exhausted the available administrative remedies prior to bringing an action in federal court. *See Sykes v. United States*, 507 F. App'x. 455, 463 (6th Cir. 2012).

In sum, with the exception of plaintiff's employment discrimination claim against Georgia Pacific, the amended complaint provides no factual content or context from which the Court may reasonably infer that the named defendants violated plaintiff's rights. *Iqbal*, 556 U.S.

at 678. Accordingly, plaintiff's amended complaint should be dismissed for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted.

## IV. Plaintiff's motion for equitable tolling, breach of contract, injunctive relief (Doc. 6)

As discussed above, plaintiff's motion for equitable tolling should be denied. The remainder of plaintiff's motion should also be denied as the sole cause of action remaining after screening, her employment discrimination claim against Georgia Pacific, is unrelated to the relief requested in this motion. In addition, the reasons for the Court's recommendation for dismissal of the remainder of plaintiff's claims are unrelated and distinct to the "defenses" and relief plaintiff seeks through her motion. For example, plaintiff asserts "equitable estoppel as a defense in deciding whether to grant certain defendants dismissal based upon them having vacated or loss of their positions through the elections process or otherwise." (Doc. 6 at 29). This "defense" has no bearing on whether any of the claims against the named defendants should be dismissed. Therefore, the motion (Doc. 6) should be denied.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's amended complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), **with the exception of** plaintiff's employment discrimination claim against Georgia Pacific.

2. Plaintiff's motion for equitable tolling, breach of contract, injunctive relief (Doc. 6) be **DENIED.**

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800,

18

803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

### IT IS THEREFORE ORDERED THAT:

1.      As plaintiff has previously been granted leave to proceed *in forma pauperis*, within **thirty (30) days** of receipt of this Order, plaintiff is **ORDERED** to submit a copy of her amended complaint, a completed summons form, and a United States Marshal form for defendant Georgia Pacific for purposes of service of process by the United States Marshal.

2.      The **Clerk of Court** is **DIRECTED** to send to plaintiff a summons form and a United States Marshal form for this purpose. Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

3.      Plaintiff shall inform the Court promptly of any changes in her address which may occur during the pendency of this lawsuit.

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSALIND HOLMES,                                Case No. 1:20-cv-825
     Plaintiff,

                                            McFarland, J.
     vs.                                         Litkovitz, M.J.

UNITED STATES OF AMERICA, et al.,
     Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

20