# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROSALIND HOLMES,                 Case No. 1:20-cv-825
    Plaintiff,                                  McFarland, J.
                                             Litkovitz, M.J.
    vs.

UNITED STATES OF AMERICA, et al.,        **ORDER**
    Defendants.

      This matter is before the Court on several motions. Most recently, plaintiff has moved for an oral hearing on all outstanding motions. (Doc. 26) (referencing Doc. 1 at PAGEID 10-14; Docs. 11, 19-20, 23-24). Because the Court will dispose of each outstanding motion in this Order, oral argument is not "essential to the[ir] fair resolution" and plaintiff's motion for an oral hearing will be denied as moot. *See* S.D. Ohio Civ. R. 7.1.

      Plaintiff has requested that "the Court . . . wait until after a decision has been rendered [on her appeal (*see* Doc. 21) of the District Court's order (Doc. 18) adopting this Court's Report and Recommendation (Doc. 13)] to send the amended complaint [(Doc. 9)]." (Doc. 19).[1] Plaintiff has relatedly moved for certification under Rule 54(b) of the Federal Rules of Civil Procedure that the District Court's order was a final appealable order entered with no just reason for delay, notwithstanding the fact that it disposed of fewer than all of plaintiff's claims. (Doc. 23). The United States Court of Appeals for the Sixth Circuit dismissed plaintiff's appeal (Doc. 25), mooting both motions.

      Plaintiff also filed an amended motion to appoint counsel and request for oral hearing (Doc. 24), referencing a prior such motion made October 20, 2020 as part of her *in forma pauperis* motion and upon which the District Court has not ruled. (*Id.* at PAGEID 1496; *see also*

---

[1] The Court denied a prior, similar request. (*See* Doc. 17).

Doc. 1 at PAGEID 10-14). The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Pursuant to S.D. Ohio Civ. R. 7.1, the Court finds that oral argument is not "essential to the fair resolution" of this case and plaintiff's motions to appoint counsel (Doc. 1 at PAGEID 10-14; Doc. 24) will be denied.

Also included in plaintiff's *in forma pauperis* motion is a motion for permission to file electronically. (Doc. 1 at PAGEID 14). As plaintiff demonstrates a willingness and capability to file documents electronically, this motion will be granted. Documents filed electronically shall conform substantially to the requirements of the Local Rules and to the format for the ECF system set out in the most current editions of the ECF Policies and Procedures Manual issued by the Clerk. *See* S.D. Ohio Civ. R. 5.1(c). Plaintiff shall make herself familiar with the Court's ECF policies and procedures, which can be found on the Court's website under "Electronic Case Filing." *See* https://www.ohsd.uscourts.gov/cm-ecf-button2. By registering, plaintiff consents to receive notice of filings pursuant to the Federal Rules of Civil Procedure via the Court's electronic filing system. Permission to file electronically may be revoked at any time.

On December 16, 2020, plaintiff moved for leave to file medical documents and exhibits in support of her motion for temporary restraining order and declaratory relief under seal. (Doc. 11). (*See* Doc. 6 at PAGEID 1150-1195) ("Motion for Preliminary Injunctive and Declaratory Relief"). A plaintiff shoulders a strict and heavy burden on a motion to seal, which may be granted only upon a detailed presentation—tailored to the particular documents to be sealed—of the compelling reasons and legal basis for such relief. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The District Court, however, denied plaintiff's motion for temporary restraining order (Doc. 6). (Doc. 18). Leaving aside whether plaintiff meets the onerous burden associated with a motion to seal, this motion is moot.

Finally, plaintiff has moved for leave to amend her complaint. (Doc. 20). The attached proposed amended complaint (Doc. 20-1) is limited to defendant Georgia Pacific and counts related to federal and state law discrimination under Title VII, 42 U.S.C. § 1981, and Ohio Rev. Code § 4112. Plaintiff also includes one count (Count VI) for the intentional infliction of emotional distress stemming from the alleged discrimination. The Court is to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff's proposed amended complaint narrows her claims to those involving employment discrimination consistent with this Court's prior Report and Recommendation (Doc. 13). Therefore, the Court grants plaintiff's motion for leave to file an amended complaint.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for leave to file amended complaint (Doc. 20) is **GRANTED**.
2. Plaintiff's motions to seal (Doc. 11), for extension of time (Doc. 19), for Rule 54(b) certification (Doc. 23), and for an oral hearing on all outstanding motions (Doc. 26)

are **DENIED AS MOOT**.

3. Plaintiff's motions to appoint counsel (Doc. 1 at PAGEID 10-14; Doc. 24) are **DENIED**.

4. Plaintiff's motion for permission to file electronically (Doc. 1 at PAGEID 14) is **GRANTED**. Upon entry of this Order, the Clerk of Court is **DIRECTED** to undertake the necessary steps to register plaintiff to allow her access to the CM/ECF system and to provide plaintiff with the necessary login information.

5. The United States Marshal shall serve a copy of the amended complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order on defendant Georgia Pacific as directed by plaintiff, with costs of service to be advanced by the United States.

6. Plaintiff shall inform the Court promptly of any changes in her address which may occur during the pendency of this lawsuit.

**IT IS SO ORDERED.**

Date: 4/14/2021

Karen L. Litkovitz
United States Magistrate Judge