UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSALIND HOLMES,                        Case No. 1:20-cv-825
    Plaintiff,                                McFarland, J.
                                         Litkovitz, M.J.

vs.

GEORGIA PACIFIC,                        ORDER AND REPORT AND
    Defendant.                              RECOMMENDATION

This matter is before the Court on plaintiff Rosalind Holmes's "Motion to Set Aside" (Doc. 61), "Motion to Reconsider Rule 54(B) Certification Under Rule 59" (Doc. 63), "Amended Motion to Set Aside Under 59(E)" (Doc. 64), "Emergency Motion to File Under Seal (Doc. 43), and "Emergency Motion to Schedule an Oral Hearing on all Outstanding Motions" (Doc. 66). Defendant Georgia Pacific filed a response (Doc. 62) to plaintiff's first motion to set aside (Doc. 61).

Briefly summarized, plaintiff filed a twenty-four count amended complaint against dozens of defendants alleging numerous federal and state law violations. (Doc. 9). A series of prior recommendations and orders of the undersigned magistrate judge and the district judge authorized plaintiff to pursue, of those twenty-four claims, only her employment discrimination claim against defendant Georgia Pacific. (*See* Docs. 13, 18, 27-28). On July 21, 2021, plaintiff filed a notice of voluntary dismissal of the authorized, operative complaint asserting this claim (Doc. 28). (Doc. 52). On August 3, 2021, plaintiff filed a notice of appeal pertaining to (1) the dismissal of the twenty-three other claims that had been included in her first (and now superseded) amended complaint (Doc. 9) and (2) this Court's prior order (Doc. 27) denying her

motions to appoint counsel (Docs. 1, 24) and file temporary restraining order under seal (Doc. 11).

The Sixth Circuit dismissed the appeal for lack of jurisdiction. (Doc. 60). It explained that plaintiff had already filed two unsuccessful appeals of the district judge's partial dismissal order and order denying her motion for a final appealable order under Rule 54(b), and plaintiff's latest attempt to secure an appeal related to the twenty-three dismissed claims was likewise futile. (*Id.* at PAGEID 2292). The Sixth Circuit held that "because [plaintiff's] dismissal [of the remaining viable claim] is without prejudice, she is not precluded from re-filing her claim against Georgia Pacific. Any other approach would facilitate an end run around Rule 54. . . ." (*Id.*) (citing *Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 427 (6th Cir. 2021), and *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 661-62 (6th Cir. 2013)).[1] Plaintiff's pending motions are filed in response to the Sixth Circuit's order and seek, again, a final appealable order as to the twenty-three dismissed claims and, most logically understood as alternatively, a return to the status quo prior to her notice of voluntary dismissal.

In her "Motion to Reconsider Rule 54(B) Certification Under Rule 59" (Doc. 63), plaintiff seeks reconsideration of this Court's denial of Rule 54(b) certification in order for the District Court to "direct the entry of final judgment on counts I – XXIII that this Court dismissed in its Order adopting the Report and Recommendation of Magistrate Judge Litkovitz. (Doc #18)." (*Id.* at PAGEID 2306). This Court denied plaintiff's first motion for Rule 54(b) certification on April 15, 2021 (*see* Docs. 23, 27) and a second such motion on May 10, 2021 (*see* Docs. 30, 31). Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." In addition to plaintiff's motion to reconsider

---

[1] The Sixth Circuit concluded that it lacked jurisdiction over the second part of the appeal (the undersigned magistrate's prior order (Doc. 27)) because that order had not been subjected to prior district judge review. (*Id.*).

falling well outside that time frame (having been filed August 31, 2021), the Court has already addressed the substantive reasons why Rule 54(b) certification is not appropriate in this case:

> [N]either judicial administrative interests nor the equities involved favor an immediate appeal from the order dismissing the majority of plaintiff's claims in her first amended complaint. As the undersigned concluded, these claims did not fall within the jurisdiction of the federal courts and were not premised on "factual content or context from which the Court [could] reasonably infer that the named defendants violated plaintiff's rights." (Doc. 13 at PAGEID 1425-26).

(Doc. 31 at PAGEID 1581). This motion (Doc. 63) should be denied.

Both of plaintiff's motions to set aside (Docs. 61, 64) seek, in effect, to undo her notice of voluntary dismissal (Doc. 52) in the wake of the Sixth Circuit's dismissal of her appeal (Doc. 60). Plaintiff argues that denial of the relief requested would leave her in "the wholly untenable and unfair position of being forever incapable of appealing this Court's dismissal of twenty-three of her twenty-four claims against Defendants." (Doc. 61 at PAGEID 2295). Georgia Pacific argues in response that plaintiff's action was wholly voluntary and that a tactical error does not warrant 60(b)(6) relief. It was apparently in response to these arguments that plaintiff filed her amended motion to set aside using Rule 59 as opposed to Rule 60(b).[2] Plaintiff's second motion also relies on the district courts' actions following the dismissed appeals in *Page Plus* and *Rowland*, each discussed in the order dismissing plaintiff's appeal (Doc. 60). *See supra* p. 2. In both cases, the Sixth Circuit dismissed appeals in which the parties had agreed to voluntarily dismiss certain claims in order to secure a final judgment on other claims. Upon remand from the Sixth Circuit, the district courts in *Page Plus* and *Rowland* ultimately set aside the voluntary dismissals that precipitated the appeals so that the cases could proceed. *See Page Plus*, N.D.

---

[2] Construing pro se plaintiff's filings liberally, the Court considers these motions as seeking relief in the alternative. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed *pro se* is 'to be liberally construed'. . . .").

Ohio case no. 3:11-cv-2757, Doc. 146 (Dec. 6, 2013) (Zouhary, J.); *Rowland*, E.D. Ky. case no. 3:18-cv-33, Doc. 98 (Sept. 3, 2021) (Van Tatenhove, J.).[3]

The appropriate lens through which to view plaintiff's motions to set aside her notice of voluntary dismissal is Rule 60(b). *See Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001) (holding that courts have discretion to set aside a voluntary dismissal with prejudice if the dismissal was done under duress or mistake of fact).[4] *See also Patrick Collins, Inc. v. Lowery*, No. 1:12-cv-00844, 2013 WL 6383860, at *2 (S.D. Ind. Dec. 4, 2013) (citing *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009)) ("[T]he plaintiff may move to vacate the notice under Rule 60(b) of the Federal Rules of Civil Procedure."). *Cf.* 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 41.33 (3d ed. 2013) ("[T]he plaintiff may not *unilaterally* withdraw . . . the notice [of voluntary dismissal.") (emphasis added).

Under Rule 60(b), the "court may relieve a party or its legal representative from a final judgment, order, or proceeding for[,]" as relevant here, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This is a "catchall provision" to be employed only in exceptional or extraordinary circumstances where principles of equity mandate relief. . . ." *Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 312 (6th Cir. 2019) (quoting *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018)). A movant under Rule 60(b) must demonstrate entitlement to relief by clear and

---

[3] On remand in *Page Plus*, Judge Zouhary cited *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008), for the proposition that courts have "inherent power to vacate orders prior to entry of final judgment" under "Rule 59. . . ." N.D. Ohio case no. 3:11-cv-2757, Doc. 146 at PAGEID 2711. Judge Zouhary also wrote that any decision other than to allow the parties to vacate their stipulated order of dismissal "would leave [plaintiff] in the wholly untenable and unfair position of being forever incapable of appealing this Court's order granting summary judgment against it." *Id.* On remand in *Rowland*, Judge Van Tatenhove did not cite a particular rule under which he granted the plaintiff's motion to set aside the Rule 41(a)(2) stipulation of dismissal but did so, instead, pursuant to "the path suggested to her by the Sixth Circuit[,]" which was to first litigate the state-law claims (that had been dismissed by stipulation) and then appeal from the final disposition of all of her claims. E.D. Ky. case no. 3:18-cv-33, Doc. 98 at PAGEID 2404 (citing *Rowland*, 4 F. 4th at 430).

[4] While the Court was unable to locate a Sixth Circuit decision regarding a notice of voluntary dismissal *without* prejudice, it appears that the weight of circuit authority holds that a Rule 41(a)(1)(i) dismissal without prejudice qualifies as a final judgment, order, or proceeding for purposes of Rule 60(b). *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 360-63 (5th Cir. 2013) (and cases cited therein).

convincing evidence. *See Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

The Court finds that the interest of justice and equities weigh in favor of allowing plaintiff to withdraw her notice of voluntary dismissal. To rule otherwise would deprive plaintiff of any opportunity to appeal the dismissal of the twenty-three other claims from her amended complaint (Doc. 9). Georgia Pacific, subject to plaintiff's refiling of her viable claim in any event, would not be prejudiced by this result. In *Fuller v. Quire*, 916 F.2d 358, 359-60 (6th Cir. 1990), the Sixth Circuit considered the district court's reopening of a case under Rule 60(b)(6) where the plaintiff's case had been dismissed for lack of prosecution due to apparent attorney malpractice by his prior attorney. The Sixth Circuit concluded:

> The district judge found as a reason "the interest of justice," after considering the broad equities of the case. The facts show that the suit was some distance from where the plaintiff lives, that the plaintiff *repeatedly attempted to find out about his case*, and that there is *no showing of undue prejudice to the defendant*. Clearly, the trial court did not err in exercising its power under the provisions of Rule 60(b)(6).

*Id.* at 361 (emphasis added). Unlike in *Kelmendi*, where the Sixth Circuit found that Rule 60(b)(6) could not be used to remedy the plaintiff's failure to file a timely appeal, plaintiff here has repeatedly attempted (albeit procedurally incorrectly) to preserve her right to appeal the dismissed twenty-three claims. 780 F. App'x at 312. Plaintiff's notice of voluntary dismissal "did not serve the purpose intended" and "fairness and [] the interest of justice" suggest that her motions to withdraw the notice (Docs. 61, 64) should be granted pursuant to Rule 60(b)(6). *Page Plus*, N.D. Ohio case no. 3:11-cv-2757, Doc. 146 at PAGEID 2711.

Finally, plaintiff moves for an oral hearing on the motions discussed above, as well as plaintiff's earlier emergency motion to file under seal an emergency motion for an indicative order under Rule 62.1 (Doc. 43). This latter emergency motion was filed on June 30, 2021, prior

5

to plaintiff's notice of voluntary dismissal. Once plaintiff filed the Rule 41(a)(1) dismissal, "the lawsuit [was] no more"—a result that was "self-effectuating. . . ." *Aamot v. Kassel*, 1 F.3d 441, 444, 445 (6th Cir. 1993). But to the extent that withdrawal of plaintiff's notice of voluntary dismissal would revive this motion, plaintiff shoulders a strict and heavy burden on a motion to seal, which may be granted only upon a detailed presentation—tailored to the particular documents to be sealed—of the compelling reasons and legal basis for such relief. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

Plaintiff's "Emergency Motion to File Under Seal" is 176 pages long, including a proposed amended 522-count complaint against dozens of defendants and several hundred pages of exhibits. (*See* Doc. 43). As best the Court can tell, she seeks to seal:

- emails, phone records, and medical records related to proposed additional defendants Dr. Jonathan Lazzaro, Atrium Medical Center, Premier Health, Carissa Piper, Butler Behavioral Health, Dr. Quinton Moss, Modern Psychiatry and Wellness and the West Chester Ohio Police (*id.* at PAGEID 1626-27);

- certain information related to her proposed motion to amend complaint to add UC Health, UC Health Psychiatric Emergency Services, and Does UC Health PES as defendants, and medical records from those defendants (*id.* at PAGEID 1629-31).

Other than referring to the medical records as confidential and reflecting upon her competency, she does not explain how such medical records are relevant to her proposed amended complaint—except to the extent that they would explain why she should be appointed counsel.[5]

---

[5] Plaintiff's motion contains a request for the appointment of counsel. (*Id.* at PAGEID 1619). As this Court has previously held, plaintiff's circumstances do not warrant the appointment of counsel. (*See* Doc. 27 at PAGEID 1552). *See also Stewart v. United States*, No. 2:13-cv-02896, 2017 WL 939197, at *1 n.1 (W.D. Tenn. Mar. 7, 2017) (being "mentally ill" does not warrant the appointment of counsel).

(*Id.* at PAGEID 1618-19). Plaintiff's motion to seal does not meet the Sixth Circuit's standard articulated in *Shane Group* and will be denied. Pursuant to S.D. Ohio Civ. R. 7.1, the Court finds that oral argument is not "essential to the fair resolution" of this motion (Doc. 43) and her request for the same (Doc. 66) will be denied.

## IT IS THEREFORE ORDERED THAT:

(1) plaintiff's "Emergency Motion to File Under Seal" (Doc. 43) is **DENIED**; and

(2) plaintiff's "Emergency Motion to Schedule an Oral Hearing on all Outstanding Motions" (Doc. 66) is **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

(1) plaintiff's "Motion to Reconsider Rule 54(B) Certification Under Rule 59" (Doc. 63) be **DENIED**; and

(2) plaintiff's "Motion to Set Aside" (Doc. 61) and "Amended Motion to Set Aside Under 59(E)" (Doc. 64) be **GRANTED**.

Date: 12/14/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSALIND HOLMES,            Case No. 1:20-cv-825
    Plaintiff,                        McFarland, J.
                                        Litkovitz, M.J.

vs.

GEORGIA PACIFIC,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within FOURTEEN (14) DAYS after being served with a copy thereof. This period may be extended further by the Court on timely motion by either side for an extension of time. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).