UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROSALIND HOLMES,<br>    Plaintiff, | Case No. 1:20-cv-825<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| GEORGIA PACIFIC,<br>    Defendant. | **ORDER** |

This matter is before the Court on plaintiff's "Motion to Take Judicial Notice Under Federal Rule[] of Civil Procedure 201(d)[.]" (Doc. 81). Plaintiff originally filed her case in October 2022 against 35 defendants alleging various federal and state law violations related to, inter alia, unwarranted and illegal surveillance and discrimination. Subsequent orders of this Court limited plaintiff's lawsuit to claims against defendant Georgia Pacific involving employment discrimination. (*See* Docs. 13, 18, and 27). Following a host of other procedural history not relevant here, defendant answered plaintiff's complaint as amended. (Doc. 78).

In the pending motion, plaintiff asks the Court to take judicial notice of four separately pending judicial proceedings: *Holmes v. Caparella-Kraemer*, Supreme Court of Ohio Case No. 2022-0683; *Lakefront of West Chester, LLC v. Holmes*, Supreme Court of Ohio Case No. 2022-0793; *The Landings at Beckett Ridge v. Holmes*, Supreme Court of Ohio Case No. 2022-0662[1]; and *Holmes v. Lakefront at West Chester, LLC*, United States Court of Appeals for the Sixth Circuit Case No. 21-3791. Plaintiff states that "[t]he outcome of the proceedings are directly

---

[1] Plaintiff identifies this as Supreme Court of Ohio Case No. 2021-09-0118, but this case number is in the format used in Ohio's Twelfth District Court of Appeals. Supreme Court of Ohio Case No. 2022-0662 appears to match the proceedings referenced by plaintiff in Exhibit C. (*Compare* Doc. 81-1 at PAGEID 2819 *with* https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2022/0662 (last visited July 11, 2022)).

related to this case as both Lakefront at West Chester and Landings at Beckett Ridge were dismissed as defendants in plaintiff's original action filed on October 20, 2022." (Doc. 81 at PAGEID 2763-64).

Rule 201 of the Federal Rules of Evidence states that courts may take judicial notice of facts "not subject to reasonable dispute" because they are either "generally know within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).[2] The Sixth Circuit has explained that "when it comes to other court proceedings, courts typically will only take judicial notice of 'indisputable court actions, such as the entry of a guilty plea or the dismissal of a civil action'" and not "disputed court filings or disputed subjects in other cases." *Rogers v. Webstaurant Store, Inc.*, 774 F. App'x 278, 282 (6th Cir. 2019) (quoting *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 468 (6th Cir. 2014)).

Plaintiff does not specify the particular facts she is asking the Court to take judicial notice of other than, it seems, the fact that these proceedings are active, which "cannot reasonably be questioned." Fed. R. Evid. 201(b). To that extent, plaintiff's motion is granted. For any more specific requests to take judicial notice that plaintiff may make as these other court proceedings progress, defendant may be heard on their propriety. *See* Fed. R. Evid. 201(c)(2) ("The Court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information"); 201(e) ("On timely request, a party is entitled to be heard on the property of taking judicial notice and the nature of the fact to be noticed.").

Plaintiff's motion also contains a section titled "Flexibility in Scheduling[,]" in which plaintiff makes a blanket request for the Court's "understanding" and "flexibility" in the event of

---

[2] Subsection (d) of this Rule, from which plaintiff derives the title of her pleading, states that "[t]he Court may take judicial notice at any stage of the proceeding."

2

future scheduling conflicts created by the multiple court proceedings in which she is presently a party. (Doc. 81 at PAGEID 2764-65). This request is denied.[3] Plaintiff is expected to comply with the deadlines established by the rules governing proceedings in this Court subject to extensions requested pursuant to, for example, Rules 6(b) and 16(b)(4) of the Federal Rules of Civil Procedure. Plaintiff's motion (Doc. 81) is therefore **GRANTED in part** and **DENIED in part** as stated herein.

      **IT IS SO ORDERED.**

Date: 7/13/2022

                                          Karen L. Litkovitz
                                          United States Magistrate Judge

---

[3] Plaintiff relatedly asks the Court to "reconsider its order on June 21, 2022." *Id.* at PAGEID 2765. The docket of this case does not reflect any order issued on this date. To the extent that plaintiff refers to the Court's Preliminary Pretrial Conference Order entered on June 16, 2022 (Doc. 79), plaintiff is expected to meet the Rule 26(f) report deadline contained therein absent a formal request and leave of Court otherwise.