# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROSALIND HOLMES,                               Case No. 1:20-cv-825
        Plaintiff,                            McFarland, J.
                                         Litkovitz, M.J.

      vs.

UNITED STATES OF AMERICA, et al.,        **REPORT AND**
        Defendants.                        **RECOMMENDATION**

This matter is before the Court pursuant to the telephone status conference held October 24, 2022 at 3:00 p.m. (*see* Doc. 95) and its September 10, 2022 Order (Doc. 96).

On August 22, 2022, the Court set a scheduling conference in this case for August 26, 2022 at 10:00 a.m. (8/22/2022 docket notation). On August 26, 2022, the date of the conference, plaintiff contacted the undersigned's chambers by email and informed the Court she would be unable to participate. (8/26/2022 docket notation). The Court issued a calendar order incorporating the dates proposed by the parties in their Fed. R. Civ. P. 26(f) report and scheduled a status conference for October 24, 2022 at 3:00 p.m. (Doc. 95).

On September 10, 2022, plaintiff again contacted the Court by email to state she would be unable to attend the Monday, October 24, 2022 status conference for medical reasons. On September 22, 2022, the Court issued an Order expressing its concern that plaintiff's request implied a general inability to meet other deadlines established in the Calendar Order or otherwise prosecute her case. (Doc. 96). In fairness to defendant, and in the interest of the expeditious disposition of the matters on its docket, the Court advised plaintiff that the Court would not stay the October 24, 2022 conference or Calendar Order dates in the absence of a formal motion to the Court. (Doc. 96). The Order advised plaintiff that any such motion must include documentation supporting plaintiff's assertion of a medical issue, if warranted, and propose a

date certain by which she could attend a status conference and/or resume the prosecution of her case. (*Id.*). Importantly, the Order warned plaintiff that in the absence of a motion that complied with the Court's Order, plaintiff's failure to attend the October 24, 2022 conference could result in a recommendation to the District Judge that this case be dismissed for failure to prosecute. (*Id.*).

Plaintiff did not appear at the October 24, 2022 conference nor has she filed a motion to reschedule the conference in accordance with the Court's previous Order.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to appear at the telephone status conference held October 24, 2022 or file a motion seeking an extension of the conference warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan*, 951 F.2d at 109-10.

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277

(6th Cir. 1997).

Karen L. Litkovitz
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROSALIND HOLMES,                                      Case No. 1:20-cv-825
      Plaintiff,                                      McFarland, J.
                                                      Litkovitz, M.J.

      vs.

UNITED STATES OF AMERICA, et al.,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4