IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ROSALIND HOLMES** | ) CASE NUMBER: 1:20-CV-825 |
| Plaintiff - Plaintiff | ) |
| vs | ) |
| **United States of America, et al.,** | ) |
| Defendants - Appellees | ) |

### OBJECTIONS TO MAGISTRATE LITKOVITZ REPORT AND RECOMMENDATION DOC# (98)

Now comes plaintiff, Rosalind Holmes who respectfully submits her objections to Magistrate Litkovitz's Report and Recommendation Doc# 98.

### INTRODUCTION

Plaintiff did not appear at the October 24, 2022, conference because she was in the hospital which she respectfully submitted a redacted version of her medical excuse.

Furthermore, Plaintiff believes that the judges involved in the proceedings are incapable of adjudicating the case in accordance to established binding legal precedent which clearly, indisputably and unambiguously demonstrates the appearance of impropriety and partiality. On July 15, 2014, plaintiff filed her initial discrimination complaint as a pro-se litigant in the matter of *Holmes v City of Cincinnati*, No 1:14-cv-00582, and requested equitable tolling due to defendant Elizabeth Tuck's misrepresentation. She provided the District Court with copies of email evidence that was disputed in her complaint of misconduct filed with the Ohio Disciplinary Counsel. Magistrate Judge Litkovitz was the prior magistrate in the matter of *Holmes v City of Cincinnati*, No 1:14-cv-00582, and she obtained significant knowledge of the disputed evidence involving the Ohio Disciplinary Counsel, Elizabeth Tuck, Freking, Myers, Reul., Cincinnati Division of the F.B.I.., and the City of Cincinnati's false accusations against plaintiff of email fraud.  Not to mention Magistrate Litkovitz had direct knowledge of settlement discussions, negotiations, offers, and agreement in the matter of *Holmes v City of Cincinnati*, No 1:14-cv-00582. Her prior knowledge of the disputed evidentiary facts presents a significant conflict of interest and appearance of impropriety.  This weighs heavily against her requirement to be a fair and impartial judge/jurist. In the year of 2014, Judge Matthew McFarland was a Fourth District Court of Appeals elected judge, who was appointed by Chief Justice Maureen O'Connor to serve on the Ohio Board

of Professional Conduct ("BPC") formerly the Ohio Board of Grievances and Discipline. Plaintiff filed her complaint of attorney misconduct with the Ohio Disciplinary Counsel in July 2014, while Judge Matthew McFarland was on the BPC and served on the Advisory Opinion Committee. The BPC and the Ohio Disciplinary Counsel work together to resolve allegations of attorney misconduct. The board's primary responsibility is to adjudicate allegations of professional misconduct on the part of lawyers and judges and make recommendations to the Supreme Court regarding the appropriate sanction to be imposed when a lawyer or judge is found to have engaged in professional misconduct. The BPC provides advice to the Ohio Disciplinary Counsel, judges, lawyers and law firms regarding the handling, investigation, resolution and adjudication of allegations involving attorney misconduct. Judge McFarland's political and professional relationship with Chief Justice O'Connor the BPC and the Ohio Disciplinary Counsel presents a significant conflict of interest and weighs heavily on his requirement to be a fair and impartial judge/jurist and presents the appearance of impropriety. More importantly, there is a strong possibility that Judge Matthew McFarland and/or Magistrate Litkovitz could potentially become a witness or party in the matter of *Holmes v. U.S.A. et. al.* No: 1-20-cv-00825.

Additionally, plaintiff is concerned about two issues in the matters of *Holmes vs USA et al.*, No 1:20-cv-00825, United States District Court S.D. of Ohio. First, plaintiffs' complaint is against the Ohio Disciplinary Counsel, Freking, Myers, Reul LLC., Attorney Elizabeth Tuck, current and former attorneys employed by the City of Cincinnati's Law Department including former Solicitor Paula Boggs-Muething, several current and former City of Cincinnati Council Members including former Mayor John Cranley and the Cincinnati Division of the F.B.I. Since the defendants are local attorneys, current and former attorneys of the Ohio Disciplinary Counsel and the City of Cincinnati, politicians, law enforcement, etc. The Ohio Disciplinary Counsel and the Ohio Board of Professional Conduct ("BPC") have significant ability to influence the attorneys, judges and the politicians involved and sway the outcome in the proceedings. Most attorneys, judges, and politicians are reluctant to go against the Ohio Disciplinary Counsel and the BPC. There is a significant conflict of interest involving the Ohio Disciplinary Counsel, the BPC, the attorneys and the judges on the Butler County Area III Court, Ohio's 12th District Court of Appeals, the U.S. District Court S.D. and the Sixth Circuit Court of Appeals fairness in adjudicating the proceedings described in this petition. The defendants include attorneys and politicians, Joseph Caligiuri, Catherine Russo, Randy Freking, Kelly Mulloy Myers, George Reul, Elizabeth Tuck, Emily Woerner, William Hicks, Paula Boggs-Muething, former Mayor John Cranley, and several former and current members of Cincinnati City Council who either practice or have significant professional and political relationships

with the judges and their staff members in the State of Ohio Courts, U.S. District Court and U.S. 6th Circuit Court of Appeals. As a direct result of their relationships with the defendants the judges involved in the proceedings are incapable of being fair, impartial and issuing judgments based upon the law against their close professional associates who are defendants. Second, there is also a conflict involving the F.B.I, City of Cincinnati, and the Ohio Disciplinary Counsel's, Tuck, F.M.R., secretive conduct of circumventing the law which exacerbates Butler County Area III Court, Ohio's 12th District Court of Appeals, the U.S. District Court S.D. and the Sixth Circuit Court of Appeals judges lack of impartiality and fairness.

"The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Thus, disqualification is appropriate when a professional relationship between a judge and an individual involved in a proceeding—such as a party, witness, or the alleged victim—could suggest to a reasonable person the existence of prejudice. The chief justice has disqualified entire benches of judges when the existence of a personal, professional, or political relationship between the judges and one of the parties to the underlying case could suggest to the reasonable person the appearance of bias or impropriety. For example, *In re Disqualification of Corrigan*, 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720, the chief justice disqualified an entire bench from hearing a case in which the plaintiff was a county commissioner who had a leadership role in local party politics. The chief justice noted that as a county commissioner, the plaintiff necessarily exercised considerable authority over the budget of the common pleas court and that it was alleged that as the former chair of a county political party, he had significant personal and political relationships with many judges. Based on those facts, the public could reasonably question whether any judge of that county's common pleas court would be able to render a decision based solely on the relevant law and facts.

Moreover, section 455(a) provides, in pertinent part, that a federal judge "shall disqualify himself in any proceeding where his impartiality might reasonably questioned." The law is well-established that adverse judicial decisions can form the basis for recusal only in the most extraordinary circumstances. See *Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Grinnell Corp.*, 384 U.S. 563, (1966). Plaintiff has alleged an extraordinary circumstance involving the significant appearance of impropriety by the Ohio Disciplinary Counsel, the BPC, the politicians, attorneys and the judges involved in the proceedings who have repeatedly issued adverse judgments that are contrary to binding legal authority. Permitted the defendants more

liberty in their submissions, objections, and arguments in Court, ignored or delayed responding to plaintiffs' submissions to the Court and engaged in the ongoing conspiratorial harassment against plaintiff.  Not to mention their involvement with the Cincinnati Division of the F.B.I., State of Ohio Disciplinary Counsel, Elizabeth Tuck, Freking, Myers, Reul and others. The judges involved in the proceedings displayed a "clear inability to render fair judgments," and "a deep-seated favoritism or antagonism" that makes fair judgment impossible. The judges involved in the proceedings were bias, and the likelihood of continued bias or an appearance of bias demonstrates that the judges involved in the proceedings are unable to hold the balance between vindicating the interests of the court and the interests of the defendants." *Ungar v. Sarafite*, 376 U.S. 575, 588 (1964).

Pursuant to the Code of Conduct for United States Judges, Canon 3(C)(1)(a). This Canon states that a judge shall disqualify himself or herself when the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding."

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully objects to the magistrate report and recommendation dismissing this case for want of prosecution.  Plaintiff further objects to Magistrate Judge Litkovitz and Judge McFarland handling this case as they are witnesses in this matter. Plaintiff respectfully request that both Magistrate Judge Litkovitz and Judge McFarland respond to her objections and set forth the reasons why they believe there is no conflict of interest, no appearance of impropriety, and that they have been fair and impartial and should have authority to continue to hear and decide this matter.

Respectfully submitted,

*Rosalind Holmes*
Rosalind R. Holmes
6673 Boxwood Lane Apt. C.
Liberty Township, OH  45044
(513) 306-8837 (phone)
November 6, 2022