# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| ROSALIND HOLMES,<br>          Plaintiff, | Case No. 1:20-cv-825<br>Hopkins, J.<br>Litkovitz, M.J. |
| vs. | |
| UNITED STATES OF AMERICA, *et al.*,<br>          Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

This matter is before the Court on plaintiff's "Emergency Motion for Injunctive Relief" (Doc. 115) and "Emergency Motion for Leave to File Under Seal" (Doc. 114).  Defendant Georgia-Pacific filed a response (Doc. 118), and plaintiff filed a reply in support of her motion for injunctive relief (Doc. 119).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)).  The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief.  *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).  "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors

are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003),

*abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir.

2012) (en banc).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the

merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49

(6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). In deciding if a

preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides."

*Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing

*Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an

extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is

entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v.*

*Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction in this case.

Plaintiff's motion pertains to a proposed third amended complaint that is not the operative

complaint in this matter. (*See* Doc. 115 at PAGEID 4807 ("Plaintiff is likely to succeed on the

merits of her claims outlined in her Third Amended Complaint. . . .")). Previous Orders of this

Court have limited plaintiff's lawsuit to her employment discrimination claims against Georgia-

Pacific and a related intentional infliction of emotional distress claim (*see* Doc. 18; Doc. 27 at

PAGEID 1553; Doc. 28), and the Court has expressly declined to allow plaintiff to amend her

complaint at this time (*see* Docs. 110, 116).

Even if the Court were to construe plaintiff's motion for injunctive relief as directed to

Georgia-Pacific, the only defendant currently named in this case, the motion simply describes

her brief tenure as Georgia-Pacific's employee in 2019. (*See* Doc. 115 at PAGEID 4800). This

2

does not establish a substantial likelihood of success on the merits of plaintiff's claims against Georgia-Pacific.  Plaintiff also fails to demonstrate irreparable injury.  In plaintiff's motion and reply, she recounts a long history of alleged unlawful behavior by Georgia-Pacific and various other individuals/entities.  But these filings fail to explain why irreparable harm is likely to occur without injunctive relief against Georgia-Pacific or why remedies at law are inadequate to redress plaintiff's injuries.  *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's emergency motion for injunctive relief (Doc. 115) be **DENIED**;

2. Plaintiff's emergency motion for leave to file under seal (Doc. 114) be **DENIED as moot**.

Date: 5/28/2024

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROSALIND HOLMES,       Case No. 1:20-cv-825
   Plaintiff,         Hopkins, J.
              Litkovitz, M.J.

   vs.

UNITED STATES OF AMERICA, *et al.*,
   Defendants.


### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned district judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).