UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROSALIND HOLMES, *Plaintiff*, v. UNITED STATES OF AMERICA, *et al.*, *Defendants.* | Case No. 1:20-cv-825 Judge Jeffery P. Hopkins |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Karen L. Litkovitz on October 25, 2022 (Doc. 98), which recommends that this Court dismiss this matter with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Plaintiff has filed an objection to the Report and Recommendation (Doc. 100), Defendant has responded (Doc. 101), and Plaintiff has filed a supplemental response (Doc. 102). For the reasons stated more fully below, the Court hereby **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation (Doc. 98).

### I. BACKGROUND

On August 22, 2022, Magistrate Judge Litkovitz scheduled a conference in this matter for August 26, 2022. One day before the conference, Plaintiff contacted the Magistrate Judge's chambers and stated that she would be unable to attend the conference. Docs. 95, 101-1. Plaintiff did not provide any reason for her inability to participate and did not suggest an alternate date for the conference. *Id.* The following day, Plaintiff emailed the Magistrate Judge's Chambers again to explain that she was experiencing medical problems and would

contact Chambers when she was able to reschedule the conference. Doc 101-2. Later that day, the Magistrate Judges' Chambers received an email from an unidentified sender that purported to be sent on behalf of Plaintiff and noted that "it may be about two months before a hearing can be rescheduled." Doc. 101-4. In the interest of avoiding delay, the Magistrate Judge issued a calendar order[1] and scheduled a status conference for October 24, 2022 in order to accommodate Plaintiff's reported need for a two month continuance. Doc. 95.

On September 10, 2022, the Magistrate Judge's Chambers received another unsigned email that purported to be sent on Plaintiff's behalf, which advised that Plaintiff would be unable to attend the October 24, 2022 status conference, again for unspecified "medical reasons." Doc. 101-5. The sender requested that the Magistrate Judge cancel the conference and advised that Plaintiff would notify chambers when she would attend a conference. *Id.* In response, the Magistrate Judge issued an Order, which expressed concern about Plaintiff's ability to prosecute her case and advised Plaintiff that the October 24, 2022 conference would not be stayed in the absence of a formal motion. Doc. 96. The Order stated that "[a]ny such motion must include documentation supporting plaintiff's assertion of a medical issue, if warranted, and propose a date certain by which she can attend a status conference and/or resume the prosecution of her case." Doc. 96. The Order further advised Plaintiff that "[a]bsent a motion that complies with the foregoing, failure to attend the conference scheduled for October 24, 2022 may result in a recommendation to the District Judge that this case be dismissed for failure to prosecute." *Id.* Plaintiff did not file any motion seeking to reschedule the conference.

---

[1] The Calendar Order (Doc. 95) incorporated the dates jointly proposed by the parties in their Fed. R. Civ. P. 26(f) report (Doc. 90)

On the day of the conference, the Magistrate Judge's Chambers again received an unsigned email from Plaintiff's account that stated "Rosalind Holmes has been in the hospital since Saturday and she will respond accordingly once she is released." Doc. 101-6. Plaintiff did not appear at the conference. Doc. 98. The following day, Plaintiff emailed the Magistrate Judge's Chambers a cropped photograph of what appeared to be a note from a physician stating that Plaintiff had been treated in a hospital from Saturday, October 22, 2022 through Tuesday, October 25, 2022 for an unspecified "acute medical condition," and that she "should be excused from work for those dates." Doc. 101-8. Plaintiff did not provide any explanation for her failure to comply with the Magistrate Judge's Order in the month between the date of the Order and the date of her hospitalization. *Id.* Plaintiff also failed to propose a date certain by which she could attend a status conference or resume the prosecution of her case. *Id.* Accordingly, the Magistrate Judge recommended that the case be dismissed with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Doc. 98.

In response to the Report and Recommendation, Plaintiff filed a series of Motions and Objections. *See* Docs. 99, 100, 102. On November 6, 2022, Plaintiff filed an Emergency Motion to File Under Seal, seeking permission to file under seal an unredacted copy of the doctor's note that was previously emailed to the Magistrate Judge's Chambers. Doc. 99. That same day, Plaintiff filed an Objection to the Magistrate's Report and Recommendation (the "Objection"). Doc. 100. The Objection contains a single sentence relevant to the Report and Recommendation, stating that "Plaintiff did not appear at the October 24, 2022, conference because she was in the hospital which she respectfully submitted a redacted version of her medical excuse." *Id.* In the remaining five pages, Plaintiff objected to the handling of the case by Magistrate Judge Litkovitz and Judge Matthew McFarland (to whom this matter was

3

assigned at the time the Objection was filed) due to a perceived conflict of interest and appearance of impropriety. *Id.* Defendant filed a Response to Plaintiff's Objection (Doc. 101). Thereafter, on November 14, 2022, Plaintiff filed a "Reply in Opposition to Defendant's Response" ("Plaintiff's Reply"), which provides a detailed recitation of the procedural history of this case, the various adverse judgments issued against her, and Plaintiff's efforts to pursue her claims despite those judgements. Doc. 102. Plaintiff argues that "the record clearly and indisputably demonstrates that plaintiff had made a diligent and good faith effort to pursue her claims and explain her health issues to this Court." *Id.* at PageID 3322.

Of some relevance to the pending Report and Recommendation, Plaintiff's Reply recounts her multiple motions to file information regarding her medical condition under seal in this matter. Doc. 102 at PageID 3311, 3314–19. Namely, Plaintiff made at least three requests to file documents under seal prior to the October 2022 status conference. Specifically, on December 16, 2020, June 30, 2021, and February 28, 2022, Plaintiff filed separate motions to seal. Docs. 11, 43, 72. As best the Court can ascertain, the pleadings, records, and other documents that Plaintiff sought to file under seal at those times related to claims Plaintiff sought to bring against additional defendants. Those motions were all denied many months before the events that gave rise to this recommended dismissal. Docs. 18, 68, 75.

As recounted above, Plaintiff filed another Emergency Motion to File Under Seal on November 6, 2022 in response to the issuance of the subject Report and Recommendation. Doc. 99. This fourth motion to seal sought permission to file an unredacted copy of the doctor's note regarding Plaintiff's hospitalization. On December 30, 2022, Plaintiff's Emergency Motion to File Under Seal (Doc. 99) was granted. Doc. 104. However, Plaintiff has neither filed an unredacted copy of her doctor's note nor provided any additional

4

documentation explaining her failure to move for a continuance in the weeks between the Court's September 22, 2024 Order (Doc. 96) and her October 22, 2022 hospitalization.

## II.  LAW

A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). General or unspecific objections are treated the same as a failure to object. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Federal Rule of Civil Procedure 41(b) authorizes district courts to dismiss actions for want of prosecution. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). District courts are given substantial discretion to use this tool to manage their dockets and avoid "'unnecessary burdens on the tax-supported courts and opposing parties.'" *Id.* (quoting *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir.1999)). However, dismissal for want of prosecution "is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Schafer*, 529 F.3d at 736 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). To determine if dismissal for want of prosecution is appropriate, courts consider the following four factors (the "Knoll factors"):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

5

*Schafer*, 529 F.3d at 736 (quoting *Knoll,* 176 F.3d at 363). However, none of the factors is outcome dispositive, and a case is properly dismissed by the district court where there is a clear record of contumacious conduct by the plaintiff. *Schafer*, 529 F.3d at 736. All four *Knoll* factors support dismissal here.

A.     **Willfulness, Bad Faith, or Fault**

A finding of willfulness, bad faith, or fault under the first *Knoll* factor requires evidence that Plaintiff either intended to thwart the judicial proceedings or had a reckless disregard for the effect that her conduct would have on the case. *Id.* For example, in *Schafer*, the Sixth Circuit affirmed the District Court's ruling that this factor supported dismissal of a plaintiff's claim when the plaintiff missed a filing deadline for several months due to being incarcerated. *Id.* Specifically, the court noted that the plaintiff did not seek an extension until after the deadline had passed, did not explain how his incarceration impeded his efforts to refile a complaint, and did not cite to any efforts on his part to meet the deadlines. *Id.* The court found that "although [plaintiff's] conduct does not establish bad faith, it nevertheless shows a willfulness and fault in that he was at best extremely dilatory in not pursing his claim, which indicates an intention to let his case lapse." *Id.*

The Court finds that the same logic applies here. Plaintiff's repeated requests to reschedule status conferences purportedly due to medical issues may not rise to the level of "bad faith" or establish an intent to "thwart the judicial proceedings." However, the record shows a clear pattern of conduct establishing willfulness and fault in that Plaintiff has been, at best, extremely dilatory in not pursing her claims.

Specifically, Plaintiff repeatedly failed to make formal, timely requests to reschedule the conferences set in this matter. Despite receiving a clear order to file a formal request to

6

continue the October 24, 2022 status conference, Plaintiff failed to do so. Further, Plaintiff has not provided any explanation for this failure.

Though it is conceivable that the records that Plaintiff previously sought to file under seal could have shed some light on any medical condition(s) preventing Plaintiff from prosecuting this case, the denials of her previous motions to seal do not excuse her failure to comply with the Court's Order. Specifically, if Plaintiff could not substantiate her need for a continuance with evidence that could be filed on the public record, she should have sought permission to file those documents under seal—a process Plaintiff is clearly familiar with. Further, Plaintiff did not comply with the other requirements of the Magistrate Judge's Order by failing to file any formal motion for a continuance and, most importantly, failing to propose a date certain by which she could attend a status conference and/or resume the prosecution of her case. In the absence of any clear explanation for her failure to prosecute her case, the Court can only infer a willfulness and fault in her lack of attention to the Court's orders.

**B.     Prejudice to the Defendants**

The second *Knoll* factor is whether Defendant has been prejudiced by Plaintiff's failure to prosecute this action. The answer is yes, as Defendant has incurred expenses on multiple occasions preparing for and attending conferences that Plaintiff either canceled at the last minute or missed altogether. *See Rogers v. City of Warren*, 302 F. App'x 371, 378 (6th Cir. 2008) (finding prejudice to the defendant when the defendant's counsel was present and fully prepared to proceed at status conferences for which the Plaintiff failed to appear).

## C. Prior Notice

The third *Knoll* factor is whether Plaintiff was warned that failure to cooperate could lead to dismissal. Again, the answer is indisputably yes. Specifically, in her September 22, 2022 Order, Magistrate Judge Litkovitz explicitly advised Plaintiff that, absent a formal motion to continue, "failure to attend the conference scheduled for October 24, 2022 may result in a recommendation to the District Judge that this case be dismissed for failure to prosecute." Doc. 96.

## D. Consideration of Lesser Sanctions

Finally, the fourth *Knoll* factor asks whether less drastic sanctions were imposed or considered before dismissal was ordered. This factor does not suggest that a district court is without power to dismiss a complaint with prejudice without first imposing alternate sanctions. *See Rogers*, 302 F. App'x at 378 (6th Cir. 2008) ("As this court noted in *Harmon v. CSX Transportation, Inc.*, 'we have never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the [plaintiff] [or] plaintiff's counsel's neglect.'") (citing *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 368 (6th Cir.1997)).

Although alternate sanctions were not explicitly considered, the Court notes that dismissal was only recommended after Plaintiff was shown significant leniency regarding her untimely requests to reschedule conferences and given the opportunity to substantiate her request to delay the proceedings further. Additionally, the Court considers that Plaintiff had further opportunity to explain her conduct in response to the present Report and Recommendation, and again failed to adequately do so. The Court therefore finds that any

8

other sanction imposed by the Court would not impact Plaintiff's conduct, and alternate sanctions would only further burden the Court and Defendant's time and resources.

## III. CONCLUSION

The Court has carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and has considered *de novo* all the filings in this case with particular attention to the issues as to which Plaintiff has lodged an objection. Having done so, the Court determines that the Magistrate Judge's Report and Recommendation should be adopted.

Accordingly, Plaintiff's objections are hereby **OVERRULLED**, and the Report and Recommendation (Doc. 98) is hereby **ADOPTED** in its entirety. The Complaint is therefore **DISMISSED** with prejudice and all pending motions are **DENIED as MOOT.** For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

Dated: July 2, 2024

Hon. Jeffery P. Hopkins
United States District Judge

9