IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSALIND HOLMES,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

:
:
:   Case No. 1:20-cv-00825-JPH-KLL
:
:   Judge Jeffery P. Hopkins
:
:
:
:

**ORDER**

This matter[1] is before the Court on Plaintiff Rosalind Holmes' ("Plaintiff") Consolidated Renewed Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), Motion for Emergency Injunctive Relief, Motion for Judicial Recusal,[2] and Request for Inter-Circuit Reassignment (the "Consolidated Motion"). Doc. 143.

For the reasons set forth below, Plaintiff's Consolidated Motion is **DENIED**.

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] For brevity, the Court adopts the factual background located in this Court's October 30, 2024 Order Denying Plaintiff's Motion for Reconsideration. Doc. 142, PageID 5188–89.

[2] Plaintiff moves under 28 U.S.C. § 455 for the recusal of Judge Matthew McFarland and the Undersigned because of "failure to recuse and/or disclose their conflicts of interest." Doc. 143, PageID 5201. Specifically, Plaintiff alleges that the Undersigned was "required to report the misconduct of Judge Matthew McFarland," which concerned Judge McFarland's "serv[ice] on the Board of Commissioners and Grievances … while [Plaintiff's] complaint of attorney misconduct was being investigated by the Ohio Disciplinary Counsel." *Id*. Plaintiff avers that the Undersigned's "fail[ure] to do so" amounts to judicial "impropriety." *Id*. These arguments are frivolous and will not be entertained.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud ..., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Generally, "relief under [this rule] is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.,* 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

"Relief under Rule 60(b)(6) requires extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1619 (2025). Moreover, "[t]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done *in light of all the facts*." *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (emphasis added) (quoting *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)).

II.     LAW AND ANALYSIS

As this Court previously stated when ruling on Plaintiff's Motion for Reconsideration (Doc. 135), "[t]his case has all the promise of a courtroom drama but lacks its most essential element: evidence." Doc. 142, PageID 5188. Here, again, Plaintiff fails to present any new or qualifying facts that would entitle her to relief under Rule 60(b)(6).[3] The facts and arguments raised in the Consolidated Motion do not lend credence to any reasonable indication that justice has been denied to Plaintiff.

Plaintiff proffers a 1,640-page "renewed and independent filing" requesting relief from judgment "based on newly arising facts and harm, including intensified retaliation, denial of due process, the filing of judicial misconduct complaints, and escalating constitutional

---

[3] Plaintiff also moves under 28 U.S.C. §§ 292(b), 294, and the All Writs Act, 28 U.S.C. § 1651, *et seq.*, to request a "reassign[ment]" of this case "to a neutral unconflicted U.S. District Court outside the Sixth Circuit to ensure fair and impartial adjudication and protect Plaintiff from further judicial retaliation." Doc. 143, PageID 5196. The Court is unable to entertain these requests for three reasons.

*First*, the undersigned is not a chief judge of the Sixth Circuit. Even if that were the case, the undersigned could not assign this matter outside the Sixth Circuit. 28 U.S.C. §§ 292(b) states that the "*chief judge* of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district *within the circuit*." 28 U.S.C.A. § 292 (emphasis added). In other words, the statute under which Plaintiff makes her petition to transfer this case to another circuit does not enfranchise the Court with the ability to grant relief outside of the Sixth Circuit.

*Second*, 28 U.S.C. § 294 concerns an "assignment of retired Justices or judges to active duty" by either a chief judge, a judicial council of the circuit, or the Chief Justice of the United States. Again, this statute is inapposite.

*Third*, Plaintiff makes an extraordinary request for inter-circuit reassignment pursuant to All Writs Act, 28 U.S.C. § 1651, *et seq.*, but provides no meaningful justification. Plaintiff makes claims that the Court must "recuse itself" due to an undefined "structural conflict." Doc. 43, PageID 5196. But the extent of her arguments is that "new events—including homelessness, retaliation, denial of post-judgment relief, and procedural failures—now justify renewed consideration of inter-circuit reassignment." *Id.* There is a dearth of caselaw on the issue of inter-circuit reassignment pursuant to the All Writs Act concerning cases with similar facts. However, from the Court's own research, reassignment pursuant to 28 U.S.C. § 1651 may be warranted where a trial judge's impartiality might reasonably be questioned. *See United States v. Ritter*, 273 F.2d 30, 32 (10th Cir. 1959); *see also Bradley v. Milliken*, 495 F. Supp. 217, 218 (E.D. Mich. 1980) (collecting cases). Plaintiff has not made an adequate showing that judicial impartiality has adversely affected her such that this Court must issue a "necessary or appropriate" writ that is "agreeable to the usages and principles of law" and in line with her requests for relief. 28 U.S.C.A. § 1651.

3

violations since [October 30, 2024]." Doc. 143, PageID 5192. Specifically, Plaintiff maintains that she has:

- Suffered long-term homelessness due to the enforcement of a fraudulent judicial eviction[;]
- Suffered long-term unemployment due to the judiciary's failure to issue injunctive relief[,] including monetary relief due to the total disenfranchisement of employment caused by the FBI, federal and state judiciary, amongst others[;]
- Had her vehicle repossessed by Ally Financial without hearing or evidence[;]
- Been subjected to a fraudulent monetary judgment exceeding $25,000[;]
- Filed a judicial misconduct complaint under 28 U.S.C. § 351 alleging serious misconduct against multiple U.S. District Court S.D. of Ohio and U.S. Sixth Circuit judges. ….[;]
- Requested recusal under Rule 21 petition of the entire bench of the U.S. District Court S.D. and N.D. of Ohio and U.S. Sixth Circuit judges due to conflicts of interests[;] and
- Had multiple post-judgment motions (filed in September 2024) ignored entirely, despite presenting substantial due process and jurisdictional defects.

Doc. 143, PageID 5192–93.

While the Court sympathizes with Plaintiff over the misfortunes that have befallen her, after carefully searching the record and examining the relevant caselaw, the Court is unconvinced that Plaintiff's claims hold any merit. "To borrow a line from Carl Sagan, extraordinary claims require extraordinary evidence." *Savage v. Warden, Pickaway Corr. Inst.*, No. 1:21-CV-33, 2022 WL 4357465, at *14 (S.D. Ohio Sept. 20, 2022). Here, Plaintiff presents plenty of the former but falls well short of offering any evidence—let alone any extraordinary evidence—of foul play by any of the actors identified in her pleadings. Plaintiff's request for relief under Rule 60(b) is premised on her conclusory—and unsubstantiated—assertions that there was a:

> practice and a pattern of corrupt conduct by the attorneys, state, federal district and appellate court judges who were involved in the proceedings, which is direct evidence of judicial bias that makes fair judgment impossible. The decisions of the judges involved in the proceedings prove that they relied on something (extrajudicial) other than the facts and evidence presented by the parties involved in the proceedings. The extrajudicial factor and conflicts of interest played a

4

> significant role in the judges [sic] fraud and corrupt conduct on the Court as demonstrated by their final judgments which deviated from well-settled legal precedent and procedures of the Court.

Doc. 143, PageID 5235.

However, Plaintiff has "failed to submit proof" that buttresses any of these extraordinary claims. *That's Ent., Inc. v. Club Images, Inc.*, 178 F.R.D. 143, 146 (E.D. Mich. 1997) (analyzing a 60(b)(6) motion). Rather, her arguments are purely "speculative and [are] unsupported by the record." *Burns v. Warden, Chillicothe Corr. Inst.*, No. 2:18-CV-55, 2019 WL 3415972, at *3 (S.D. Ohio July 29, 2019) (same). Upon closer examination of Plaintiff's 1,229 exhibits, none appears to relate, in any legal sense, to her claims. Plaintiff alleges that certain judges "have engaged in a secret coordinated plan with their state judicial colleagues, the FBI, and many other coconspirators [to] repeatedly issu[e] or influenc[e] the issuance of thirty-six fraudulent decisions which deviated from prevailing law" and which amount to "fraud and abuse." Doc. 143, PageID 5193. But the overwhelming majority of the exhibits are random email attachments, run-of-the-mill rejections from job applications, lease agreements and correspondences, court filings and case dockets, website screenshots, car ownership and rental information, police reports, and attorney-client communications.

At bottom, the factual record before the Court offers no basis for this Court to conclude that the facts Plaintiff has presented in her Consolidated Motion rise to the level of the extraordinary circumstances which must be shown under the Supreme Court's mandate in *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612 (2025). In light of the dearth of such necessary

5

facts or a showing of compelling circumstances, the Court sees no reason "that justifies relief" from judgment pursuant to Fed. R. Civ. P. 60(b)(6).[4]

### III.  CONCLUSION

For these reasons, Plaintiff's Consolidated Motion is **DENIED**. Doc. 143.

**IT IS SO ORDERED.**

July 11, 2025

Jeffery P. Hopkins
United States District Judge

---

[4] Plaintiff also moves under Fed. R. Civ. P. 65 for this Court issue a temporary restraining order and preliminary injunction against, among others, U.S. District Courts, the Sixth Circuit, and Ohio Courts involved in Plaintiff's pending matters. Doc. 143, PageID 5194. Yet again is this Court unable to grant such extraordinary relief. And the Court can find no caselaw that would allow it to enjoin in one fell swoop a federal appellate court and several sister state and federal district courts—especially in light of flatly implausible allegations.

Rule 65 governs requests for injunctions and restraining orders. "Plaintiff bears the burden of establishing entitlement to temporary injunctive relief under the rule." *Steere Enters., Inc. v. Cikautxo Mexico*, No. 5:23-CV-615, 2023 WL 2633537, at *3 (N.D. Ohio Mar. 24, 2023) (citing *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). Preliminary injunctive relief is "an extraordinary remedy which should be granted only if the movant carries [the] burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urb. Cnty.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion[.]" *Leary*, 228 F.3d at 739 (citations omitted).

Plaintiff has not demonstrated, among other things, (1) a substantial likelihood or probability of success on the merits of her claims; and (2) irreparable injury of the preliminary injunction is not issued. As a "finding that there is simply no likelihood of success on the merits is usually fatal," *Gonzalez v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000), the Court denies Plaintiff's request for a temporary restraining order and preliminary injunction.