IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSALIND HOLMES,

 *Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

 *Defendants*.

Case No. 1:20-cv-00825-JPH-KLL

Judge Jeffery P. Hopkins

**ORDER**

This matter is before the Court on Plaintiff Rosalind Holmes' ("Plaintiff" or "Holmes") Motion To Appeal In Forma Pauperis (the "Motion"). Doc. 150. Because Plaintiff has not provided truthful financial information in requisite detail, and has otherwise disclosed conflicting representations, the Court **DENIES** the Motion **WITHOUT PREJUDICE** as to refiling.

 **I. LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore." *See* 28 U.S.C. § 1915(a)(1). A sufficient affidavit "demonstrates that one cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the necessities of life." *Laslau v. Comm'r of Soc. Sec.*, No. 16-cv-11372, 2016 WL 3406015, at *1 (E.D. Mich. June 21, 2016). A court may "authorize the commencement of any action without prepayment of filing fees if the litigant submits an

affidavit that includes a *truthful* statement of all assets, income and debt that demonstrates the person is unable to pay the filing fee." *Foster v. Gray Local Media, Inc.*, No. 1:25-cv-00139, 2025 WL 1547733, at *1 (N.D. Ohio Mar. 30, 2025) (emphasis added).

Federal Rule of Appellate Procedure 24 further explicates the process by which a litigant may seek leave to appeal a district court's ruling in forma pauperis. That rule provides that, along with the motion, a party must attach an affidavit that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." In evaluating the litigant's submission, the Court asks "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Serv's*, 21 F.App'x 239, 240 (6th Cir. 2001). More specifically, courts look to "the applicant's employment status, annual salary, and any property or assets the applicant may possess." *Jones v. Vital & FNR North America*, No. 3:24-cv-01612, 2024 WL 4416857 at *1 (N.D. Ohio Oct. 4, 2024). Where a litigant does not provide sufficient information on her financial condition to determine her ability to pay or otherwise fails to satisfy the requirements of Federal Rule of Appellate Procedure 24, her motion is to be denied. *See, e.g., Reynolds v. Crawford*, No. 1:01-cv-877, 2009 WL 3908911 (S.D. Ohio Nov. 17, 2009).

II. **LAW AND ANALYSIS**

While Ms. Holmes' representations indicate limited financial means, deficiencies and contradictions in her affidavit render the Court unable to definitively conclude "whether the court costs can be paid without undue hardship." *Foster*, 21 F.App'x at 240.

Plaintiff represents in her sworn affidavit that she is "homeless, jobless, [and] lack[s] . . . transportation." Doc. 150, PageID 7880. Nonetheless, directly under this provision,

Plaintiff states the address of her legal residence. *Id*. Plaintiff indicates $972.00 in monthly employment income but only identifies her previous employer from February 2025. *Id*. at PageID 7876. Plaintiff declares that she has $200.00 in monthly motor vehicle expenses, but under the prompt to list motor vehicle assets, she states "N/A." *Id*. at PageID 7877, 7879. Furthermore, Plaintiff maintains that she spends $2,500.00 per month on transportation (not including motor vehicle expenses). *Id*. at PageID 7879. The Court is therefore hard-pressed to conclude that one can spend $2,700.00 *per month* on transportation and motor vehicle expenses but still suffer from a "lack of transportation" as Plaintiff alleges. *Id*. at PageID 7880. Further still, Plaintiff asserts that she has $5,150.00 in total monthly expenses despite only having $300.00 in one (1) checking account. *Id*. at PageID 7877, 7879.

At bottom, the Court has serious concerns about the veracity of Ms. Holmes' affidavit and her declaration indicating financial hardship. These concerns compel this Court to conclude that Ms. Holmes has not provided a "*truthful* statement of all assets, income and debt that demonstrates [she] is unable to pay the filing fee." *Foster*, 2025 WL 1547733, at *1 (emphasis added).

### III. CONCLUSION

Because Plaintiff has not provided financial information in requisite detail, and because she has otherwise disclosed conflicting representations in her affidavit, the Court **DENIES** Ms. Holmes' Motion To Appeal In Forma Pauperis **WITHOUT PREJUDICE** as to refiling. Doc. 150.

**IT IS SO ORDERED.**

October 6, 2025

Jeffery P. Hopkins
United States District Judge

3